

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700        973/645-2700
Newark, NJ 07102

DM/PL AGR

January 10, 2008

Alan Zegas, Esq.
552 Main Street
Chatham, NJ 07928

                Re: <u>Plea Agreement with Romany Gebraeil</u>

Dear Mr. Zegas:

      This letter sets forth the plea agreement between your client, Romany Gebraeil, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until February 10, 2008 and if a guilty plea consistent with this agreement is not entered in federal court on or before that date, this offer will expire.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Romany Gebraeil to a one-count Information, which charges Romany Gebraeil with exceeding his authorized access of a protected computer, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(A). If Romany Gebraeil enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Romany Gebraeil for the conduct alleged in the Complaint, Mag. No. 04-3752. However, in the event that a guilty plea is not entered in this matter for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Romany Gebraeil may be commenced against him, notwithstanding the expiration of the limitations period after Romany Gebraeil signs the agreement. Romany Gebraeil agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Romany Gebraeil signs the agreement.

## Sentencing

The violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(A) to which Romany Gebraeil agrees to plead guilty carries a statutory maximum prison sentence of one (1) year and a statutory maximum fine equal to the greatest of: (1) $100,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Romany Gebraeil is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Romany Gebraeil ultimately will receive.

Further, in addition to imposing any other penalty on Romany Gebraeil, the sentencing judge: (1) will order Romany Gebraeil to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Romany Gebraeil to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Romany Gebraeil, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may require Romany Gebraeil to serve a term of supervised release of not more than one (1) year, which will begin at the expiration of any term of imprisonment imposed. Should Romany Gebraeil be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Romany Gebraeil may be sentenced to not more than one (1) year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Romany Gebraeil by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Romany Gebraeil's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Romany Gebraeil agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Romany Gebraeil from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Statute of Limitations

Romany Gebraeil, after conferring with his attorney, Alan Zegas, Esq., knowingly, willfully, voluntarily, and expressly waives the right of a statute of limitations defense.

- 3 -

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Romany Gebraeil waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Romany Gebraeil. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, federal immigration authorities and the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil proceeding against Romany Gebraeil.

## No Other Promises

This agreement constitutes the plea agreement between Romany Gebraeil and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

- 4 -

APPROVED:

_____
AIDAN P. O'CONNOR
Chief, Violent Crimes Unit

    I have received this letter from my attorney, Alan Zegas, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 06/25/08
Romany Gebraeil

_____   Date: 6/25/08
~~Alan Zegas~~, Esq.
Mary Frances Palisano
Law Office of Alan L. Zegas

- 5 -

## Plea Agreement With Romany Gebraeil

### Schedule A

1. This Office and Romany Gebraeil stipulate to the following facts:

2. The relevant conduct for this offense includes a loss of approximately $120,000.

3. As of the date of this letter, Romany Gebraeil has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged within the meaning of U.S.S.G. § 3E1.1(a).

4. As of the date of this letter, Romany Gebraeil has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources effectively within the meaning of U.S.S.G. § 3E1.1(b).

5. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.